IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ANDREW DUFFY, )
 )
      Plaintiff, )
 )
v. ) Case No. CIV-09-908-D
 )
LT. BILL DAUGHERTY and )
WARDEN SHANE WYATT, )
 )
      Defendants. )

# **REPORT AND RECOMMENDATION**

The present action involves due process claims arising out of a prison disciplinary proceeding. The Plaintiff moves for voluntary dismissal without prejudice, and the Defendants object. The Court should grant the Plaintiff's motion.

## The Test for Voluntary Dismissal

Under Federal Rule of Civil Procedure 41(a)(2), the critical issue is whether the Defendants would suffer legal prejudice from voluntary dismissal. *See Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). The inquiry on legal prejudice involves consideration of:

- the Defendants' efforts and expense of trial preparation,

- excessive delay and lack of diligence on the Plaintiff's part,

- the present stage of the litigation, and

- sufficiency of Mr. Duffy's explanation of the need for dismissal.

*See id.* "These factors need not all be resolved in favor of [Mr. Duffy] for dismissal to be appropriate; likewise, they need not all be resolved in favor of the [Defendants] opposing the motion to dismiss." *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996). Viewed in their entirety, the four factors support dismissal.

## The Stage of the Litigation and the Defendants' Efforts and Expenses for Trial Preparation

The litigation is in its infancy. The Defendants filed answers and the warden submitted a special report less than six months ago, the Court has not conducted a status conference or scheduled the trial, the parties have not conducted any depositions, and the Defendants have not filed any dispositive motions. The stage of the litigation and the absence of substantial trial preparation by the Defendants strongly support Mr. Duffy's right to voluntary dismissal.

## Excessive Delay and Lack of Diligence on the Plaintiff's Part

The Plaintiff has acted diligently to this stage in the proceedings. When the action began, Mr. Duffy was *pro se* and incarcerated. The answers and investigative reports were filed on November 9, 2009. Docs. 15-17. Fifteen days later, Mr. Duffy pointed out that he did not have access to a law library or law books. Doc. 19. Less than a month later, the Court requested legal representation for Mr. Duffy through the Federal Bar Association. Doc. 21. An attorney agreed to represent Mr. Duffy and entered an appearance on January 14, 2010. Doc. 24. Only one day later, however, authorities transferred Mr. Duffy to a jail in Texas. *See* Doc. 26 (the Plaintiff's statement that he had been transferred on January 15,

2010, from Grady County Jail to the Denton County Jail in Texas). Nonetheless, the Plaintiff's attorney filed the motion to dismiss only about two months after his entry into the case. *See* Doc. 28. The Plaintiff and his attorney acted with diligence in seeking voluntary dismissal early in the proceedings.[1] The Plaintiff's diligence and the absence of substantial delay strongly support Mr. Duffy's request for voluntary dismissal.

<u>Sufficiency of Mr. Duffy's Explanation of the Need for Dismissal</u>

The Plaintiff's attorney candidly explains the need for dismissal, stating that he wants to add claims and parties based on events that have taken place since the beginning of the suit. Because Mr. Duffy is no longer incarcerated, he would not need to exhaust administrative remedies for any future suit.[2] Mr. Duffy would prefer to file a new suit, rather than amend the existing complaint, to avoid the need to litigate an exhaustion defense. In response, the Defendants argue that they would incur legal prejudice based on their loss of an exhaustion defense.

The Defendants are correct about the result of voluntary dismissal. Without dismissal, Defendants Daugherty and Wyatt would have an exhaustion defense. With dismissal, the two defendants would not be able to assert an exhaustion defense on any of

---

[1] *See Clark v. Tansy*, 13 F.3d 1407, 1412 (10th Cir. 1993) (holding that no "improper delay" had taken place, for purposes of Rule 41(a)(2), when counsel sought voluntary dismissal within two months of his appointment so that he could exhaust state court remedies).

[2] *See Norton v. Marietta, Oklahoma*, 432 F.3d 1145, 1150 (10th Cir. 2005) (*per curiam*) (holding that administrative exhaustion was unnecessary when a prisoner had been released before he brought suit).

3

the federal claims.[3] Still, the argument for legal prejudice is questionable because the two defendants do not present any facts or argument about the potential merit of an exhaustion defense.[4] In their response brief, the Defendants state that they have an exhaustion defense, but do not identify any administrative remedies or state how Mr. Duffy had failed to exhaust them.

In an investigative report, a prison official states that the Plaintiff had an opportunity to file a grievance appealing the disciplinary decision to the warden but filed only a request to staff and a handwritten letter to the warden. Doc. 17 at p. 3. In the letter, Mr. Duffy specifically said that he "want[ed] to appeal the [disciplinary] decision." Doc. 17, Exh. 5 at p. 3. Although the author of the investigative report regards the letter as insufficient, he does not submit a copy of the administrative policy or explain why the letter to the warden would not suffice as a "grievance."[5] In addition, the Plaintiff alleges that administrative remedies were unavailable and the Defendants do not address this allegation.

---

[3] The Ninth Circuit Court of Appeals defines "legal prejudice" as "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water District v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). The Tenth Circuit Court of Appeals has not said whether it agrees or disagrees with the Ninth Circuit's definition.

[4] *See Metropolitan Federal Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262-63 (8th Cir. 1993) (holding that loss of a statute of limitations defense did not constitute legal prejudice because the contention may have been invalid); *see also McCants v. Ford Motor Co.*, 781 F.2d 855, 858 (11th Cir. 1986) ("the likelihood that a dismissal without prejudice will deny the defendant a statute of limitations defense does not constitute plain legal prejudice and hence should not alone preclude such a dismissal").

[5] *See Shaheed-Muhammad v. Dipaolo*, 393 F. Supp. 2d 80, 96-97 (D. Mass. 2005) (holding that a prisoner's letters constituted a "grievance" for purposes of the administrative policy).

Without evidence of the administrative policy or amplification regarding any of the parties' respective arguments, the Court cannot engage in any meaningful assessment of the Defendants' possible exhaustion defense.

Even if the Defendants were to succeed on their exhaustion defense, the dismissal might have been "without prejudice." *See Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) ("Ordinarily, a dismissal based on a failure to exhaust administrative remedies should be *without* prejudice." (citation omitted; emphasis in original)). Some courts have held that when a prisoner fails to exhaust administrative remedies and obtains release during the pendency of the action, the dismissal should be "with prejudice."[6] However, the Tenth Circuit Court of Appeals has not addressed this issue.[7]

In these circumstances, voluntary dismissal could result in loss of a possible exhaustion defense for Bill Daugherty and Shane Wyatt. But, at this stage, the Court cannot gauge the relative merit of this defense. And, if the Court were to dismiss the action for nonexhaustion, it might still have allowed the filing of a new action. With the merit or effect of an exhaustion defense in considerable doubt, the Defendants' loss of the argument does

---

[6] *See Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004); *Rhodes v. Houston County Commissioners*, 2009 WL 652948, Westlaw op. at 1, 5 (M.D. Alab. Mar. 10, 2009) (unpublished op.); *see also Dawson Farms, LLC v. Farm Service Agency*, 504 F.3d 592, 607 (5th Cir. 2007) ("While failure to exhaust administrative remedies usually results in a dismissal without prejudice, when exhaustion is no longer possible, dismissal may be with prejudice." (citations omitted)).

[7] The Tenth Circuit Court of Appeals has held that dismissal may be "with prejudice" when a prisoner has engaged in a procedural default, foreclosing the possibility of eventual exhaustion. *Kikumura v. Osagie*, 461 F.3d 1269, 1289-91 (10th Cir. 2006). However, the Defendants do not argue the commission of a procedural default.

5

not alone justify denial of the motion to dismiss. And, as discussed above, all of the other factors weigh heavily in favor of the Plaintiff. *See supra* pp. 1-3.

## Recommended Disposition

For the foregoing reasons, the Court should grant the Plaintiff's motion and dismiss the action without prejudice. *See* Fed. R. Civ. P. 41(a)(2).

## Notice of the Right to Object

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by May 10, 2010. *See* Fed. R. Civ. P. 6(a)(3)(A), 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1). The failure to timely object would foreclose appellate review of the suggested ruling.[8]

## Status of the Referral

The present report serves to discharge the existing referral.

Entered this 22nd day of April, 2010.

_____
Robert E. Bacharach
United States Magistrate Judge

---

[8] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").