IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANDREW DUFFY, | ) | |
|        Plaintiff, | ) ) | |
| vs. | ) ) | NO. CIV-09-908-D |
| LT. BILL DAUGHERTY and WARDEN SHANE WYATT, | ) ) ) ) | |
|        Defendants. | ) | |

**O R D E R**

  Plaintiff, a state prisoner appearing *in forma pauperis*, brought this action pursuant to 42 U. S. C. § 1983, alleging his constitutional rights were violated by Defendants. In accordance with 28 U. S. C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Robert E. Bacharach for initial proceedings. Upon Plaintiff's request, Judge Bacharach appointed volunteer counsel to represent Plaintiff; counsel entered an appearance on Plaintiff's behalf and filed a motion [Doc. No. 28] to voluntarily dismiss the action without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2). Defendants objected to the motion. On April 22, 2010, Judge Bacharach filed a Report and Recommendation in which he recommended the Court grant the motion to dismiss without prejudice. Because Defendants timely objected to the recommendation, the matter is reviewed *de novo.*

  When considering a plaintiff's request for voluntary dismissal without prejudice, the Court should consider four factors: 1) the Defendants' efforts in the litigation and the expense of trial preparation; 2) whether Plaintiff has excessively delayed his request for dismissal and has failed to diligently act; 3) the present stage of the litigation; and 4) the sufficiency of Plaintiff's explanation regarding the need for dismissal. *Ohlander v. Larson*, 114 F. 3d 1531, 1537 (10th Cir. 1997). "These factors need not all be resolved in favor of [Plaintiff] for dismissal to be appropriate;

likewise, they need not all be resolved in favor of the [Defendants] opposing the motion to dismiss." *Phillips USA, Inc. v. Allflex USA, Inc.,* 77 F. 3d 354, 358 (10th Cir. 1996). The critical issue is whether Defendants will suffer legal prejudice if voluntary dismissal without prejudice is allowed; application of the foregoing factors is required to determine if legal prejudice would result. *Ohlander*, 114 F. 3d at 1537.

In the Report and Recommendation, Judge Bacharach considered and applied each of the four factors to the specific facts of this case. He concluded that Defendants would not suffer legal prejudice if Plaintiff's motion is granted. As he explained, Plaintiff's motion to dismiss was filed during the early stage of this litigation, and the parties had not engaged in significant discovery or trial preparation. There was no delay or lack of diligence by Plaintiff; he initially appeared *pro se*, but the motion to dismiss was filed within two months after counsel was appointed to represent Plaintiff. In addition, Plaintiff has sufficiently explained the reasons for seeking dismissal; he seeks to add claims and parties based on events occurring since the lawsuit was filed. Furthermore, Plaintiff was released from incarceration after this action was filed, and exhaustion of administrative remedies is thus no longer an issue.[1]

In their objection to the Report and Recommendation, Defendants argue only that, if the action is dismissed without prejudice and Plaintiff files a new action, they will no longer be able to assert the affirmative defense that he failed to exhaust available remedies prior to filing suit. This argument was also raised in response to the motion to dismiss, and the Magistrate Judge found the absence of this affirmative defense insufficient to constitute legal prejudice.

In his argument supporting dismissal, Plaintiff denied failing to exhaust available remedies,

---

[1] In response to the Report and Recommendation, Plaintiff disclosed that he has recently been arrested on a charge of driving under the influence while having a suspended license; Plaintiff states that he challenges those charges. Although he is a pretrial detainee, he hopes to be released on bond; if so, he would be able to refile this case without being subject to the Prison Litigation Reform Act and the exhaustion of remedies requirements.

and explained in general the reasons he believes the exhaustion requirement was satisfied. He further argued that, in any event, Defendants' loss of this affirmative defense does not warrant denial of his motion. As he pointed out, even if Defendants prevailed on their exhaustion defense, the resulting dismissal could have been without prejudice. *See Gallagher v. Shelton*, 487 F. 3d 1063, 1068 (10th Cir. 2009) ("Ordinarily, a dismissal based on failure to exhaust administrative remedies should be *without* prejudice") (citations omitted; emphasis in original)[2]. If so, he could refile this action after exhausting the available remedies. He argues that voluntary dismissal at this stage of the litigation would avoid the delay required to exhaust the remedies and would permit the litigation to proceed without significant delay.

The Court has carefully reviewed the parties' arguments and the history of this litigation in light of the factors governing consideration of a motion seeking voluntary dismissal without prejudice. The Court concludes that, for the reasons explained by the Magistrate Judge, the Report and Recommendation [Doc. No. 35] should be, and is hereby, adopted. Accordingly, Plaintiff's Fed. R. Civ. P. 41(a)(2) motion to dismiss is GRANTED. This action is dismissed without prejudice to its refiling.

IT IS SO ORDERED this 20th day of May, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] As Plaintiff also noted, some courts have held that, where the prisoner is released during the pendency of the action, dismissal for failure to exhaust should be with prejudice. *See, e.g., Berrry v. Kerik*, 366 F. 3d 85, 88 (2d Cir. 2004). Plaintiff also noted that the Tenth Circuit has not expressly addressed this question; the Court has found no Tenth Circuit decision addressing this issue.

3